## INJURY TO A CUSTOMER IN AN AUTOMOBILE GARAGE.

Circuit Court of Lucas County.

CHARLES I. BARNES v. KIRK BROS. AUTOMOBILE CO.

Decided, February 3, 1911.

*Negligence—Application of the Principle of Res Ipsa Loquitur—Competency and Weight of Evidence—Error—Presumption—Burden of Proof.*

The doctrine of *res ipsa loquitur* controls in fixing responsibility for injuries sustained by a prospective purchaser of an automobile, occasioned during his inspection of the machine by. its sudden and unexpected movement against him while being manipulated and operated by the owner in the garage of the owner. Negligence of the owner in such a case is presumed and the burden of rebutting it is on him.

*Elmer E. Davis* and *Orville S. Brumback,* for plaintiff in error.
*William H. McLellan* and *Harold W. Fraser,* contra.

WILDMAN, J.; PARKER, J., and KINKADE, J., concur.

Error to Common Pleas Court.

This is a proceeding in error to reverse a judgment in the court below, in which Barnes was plaintiff and the Kirk Brothers Automobile Company defendant. It was a suit for a personal injury, and the defendant in the court below, on the trial to a jury, obtained a verdict in its favor.

The claimed error upon which most emphasis is placed in argument, and relied upon as a ground for reversal, is that the verdict is against the weight of the evidence. I believe it

to be the consensus of view of the members of the circuit court that no case has ever been presented for our consideration, calling more clearly for the principle of *res ipsa loquitur* than the case at bar. The circumstances in brief are these: Barnes, the plaintiff, had been invited into the garage of the defendant company to inspect, as a possible purchaser, an electrical car, and while Mr. Edward A. Kirk, the manager of the defendant company, was manipulating the car and exhibiting it to Barnes, the car was by some means made to move suddenly, and, striking Mr. Barnes, who was standing in front of it, forcibly pushed him against a post and crushed his limb, or severely injured it, that the circumstances justify a claim that the defendant company was negligent. I have said that the court is unanimous in the view that the principle of *res ipsa loquitur* should apply. We may borrow an illustration by way of analogy from the use of a firearm. A points a loaded gun at B. The gun is discharged, and B receives an injury or is perhaps killed. The gun was charged with gunpowder; the automobile is charged with electricity. The gun is something which was intended, upon certain manipulations, the pulling of a trigger and the descending of the hammer, to go off, to be discharged. An automobile, upon certain manipulations, is expected and intended also to go off, to start in motion. Neither one is intended to kill some particular person or to injure him. It will not do, under the circumstances of the use of the firearm which causes the injury, for the man who holds it in his control to say, "Although I knew that it was loaded," as Mr. Kirk unquestionably here knew that this automobile was charged with electricity, "and although possibly I pulled the trigger, still I am not blamable, because I did not know that the gun was cocked: I did not know that the hammer had been raised." If the gun is discharged, the presumption at once arises in the mind of any intelligent observer or any intelligent person who learns of the facts, that the man who had in his control this instrument of possible destruction was guilty of negligence. That presumption might be a rebuttable one, or it might not. There are cases of *res ipsa loquitur* where the presumption seems to

have been held by the courts to be a conclusive presumption, and there are others, as in the case to which I shall refer in a moment, where it is deemed a rebuttable presumption, one in which, while the inference is raised that the person having control of the machinery or the implement or whatever it be that has caused the injury, is guilty of negligence, it devolves upon him, by some explanation, or rebutting evidence, to meet such presumption.

The case of the *Cincinnati Traction Co.* v. *Holzenkamp,* 74 Ohio St., 379, is sufficiently analogous to justify the application of the same principle to the present case, and in our judgment the case at bar calls far more clearly for its application than even the one which was under consideration by the Supreme Court. I read the syllabus:

"Proof of the falling of a trolley pole from an electric car, when it stopped at a usual stopping place, upon a person standing there for the purpose of getting upon the car, raises the presumption of negligence on the part of the traction company, and unless rebutted, the party injured is entitled to recover."

After considering and disposing of a question sometimes raised, as to whether the principle of *res ipsa loquitur* will apply to any other than a passenger entitled to protection and to a high degree of care from the common carrier, after, I say, considering and disposing of that question, and holding that the principle is a general one, applicable not only to cases of passengers, but to other cases, the Supreme Court finally, upon pages 388 and 389, give the result of their consideration to the facts in that case:

"The plaintiff was not only lawfully in the street but she stood where she had an implied invitation from the defendant to stand and it was the duty of the defendant to use reasonable care to avoid injuring her" (just as in the case at bar, the plaintiff stood in a position where he was expressly invited, and where he was entitled to reasonable care on the part of the party inviting him there, to protect him), "and the court was warranted in taking judicial notice of the fact, as it did, that such a thing as the breaking of the trolley pole and the falling of the trolley with a portion of the pole does not happen in the

ordinary course of events unless there was some negligence either in its construction or in the management of it, and, this being so, the court very properly charged the jury that the plaintiff in the absence of any evidence tending to rebut the presumption of negligence was entitled to recover for her injuries.''

It is said that in the case at bar there was evidence explaining just how it happened, that is, explaining everything that Mr. Kirk did, and that the evidence shows that he exercised ordinary care; but to the court it seems that after giving all the explanation that he is able to give as to what happened, he still leaves unexplained, absolutely unexplained, the principal and essential facts necessary to rebut the presumption of negligence. It is a matter of not the slightest consequence whether he started the machine by pulling up the starting plug, or whether he started it by moving the lever; if the other part of the contrivance was not in such a neutral position as to make it safe for him to move that particular thing which he did move, then we think that the presumption of negligence arises. Suppose that the man holding the gun says, immediately before he pulls the trigger, not knowing that the hammer is up, ''This is how we make it go off,'' pointing it at the person who receives the leaden charge. In this case Mr. Kirk says, ''This is the way we start it,'' and then he either pulls the lever or he pulls up the starting plug, and the automobile proceeds, being an inanimate object, to obey the intelligent will of the person who is demonstrating how, when things are in proper condition, the automobile may be started upon its mission. Now it will not do in the case of the firearm for the man to say, ''I didn't know that the hammer was up when I pulled the trigger.'' And just so it seems to us it will not do for Mr. Kirk to say, ''I didn't know that the plug was not in a neutral position when I moved the lever,'' or to say, ''I didn't know the lever was not in a neutral position when I pulled the plug.'' In either event it seems to us, that before moving that particular thing which caused the machine to start with its destructive effect, it was incumbent on him to ascertain whether the machine was in such condition so that he could safely do so.

Our conclusion is that this verdict is against the weight of the evidence. In the case to which I have referred, *Cincinnati Traction Co.* v. *Holzenkamp, supra,* the Supreme Court held that the trial court very properly charged the jury that the plaintiff, in the absence of any evidence tending to rebut the presumption of negligence, was entitled to recover for her injuries. In the case at bar, the court below charged the jury that the burden was on the plaintiff to show the negligence of the defendant. And while this was true, as a general proposition, we think that that general instruction should have been qualified by a statement, in substance, that the disclosed circumstances, the undisputed circumstances, would raise such an inference or presumption of negligence as called upon the defendant for explanation, and unless evidence was offered sufficient to meet the presumption, not overbalance it, but to meet it, as is said by the court in the case of *Klunk* v. *Railway,* 74 Ohio St., 125, it would be the duty of the jury to return a verdict for the plaintiff. I will not tarry longer upon this phase of the case. We think the court was in error in the unqualified charge which it gave.

Some argument has been made to us that if it be unexplained as to just what the trouble was, whether it was by reason of some carelessness of Mr. Kirk, or, on the other hand, some defect in the machine, and there being no defect in the machine charged in the petition, therefore the plaintiff would not be entitled to recover. But this argument does not address itself to us as having substantial force, in view of the fact that there is no evidence in the case tending in the slightest degree to show that this machine was defective in any manner. It was a new machine; it had been tested to some extent, we understand, and there was nothing anywhere about it to indicate that it was defective. No one has claimed that it was in fact defcetive, and there was nothing to go to the jury on the subject.

Some questions of error have been raised by the rejection of evidence offered by plaintiff. We think that the plaintiff procured the introduction of all such evidence in the way of impeachment as he was fairly entitled to, the court permitting

to go to the jury the statement of Kirk that he had forgotten about the lever or plug, whichever it was, and also his statement as to being to blame for the accident. The court properly did not permit considerable other evidence with regard to the company's carrying insurance, and the effort of Mr. Kirk to forward the claim of Barnes for the purpose of getting Barnes the insurance.

It does not appear to us that there is any other matter in the record that would justify a reversal. If the language was used to the jury in argument by defendant's counsel which is claimed by the plaintiff to have been used, it was misconduct and the court should have reprimanded him at the time for it. The Supreme Court, however, has held, as reported in *State* v. *Young,* 77 Ohio St., 529, that the remarks of counsel in addressing the jury, to be the basis of a proceeding in error upon the ground of misconduct of counsel, must be brought into the record of the trial by the certificate of the trial judge, as are other matters occuring upon the trial and in open court. They can not be shown by affidavit. In the present case, they are introduced only by affidavit, and the certificate of the trial judge does not disclose that the language complained of was used.

It is said that the court erred in not giving certain requests which the plaintiff asked, but we find no exceptions in the record to the refusal to give such requests.

We find no reversible error in the record other than the two errors I have assigned as the ground for reversal, that the verdict is against the weight of the evidence entitling plaintiff to a new trial, and that the court did not qualify the general charge to the jury in the manner suggested. The case will be reversed and the cause remanded for a new trial.